IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 09-283-RMB ) ) JURY TRIAL DEMANDED |
| LML PAYMENT SYSTEMS CORP. and BEANSTREAM INTERNET COMMERCE INC., | ) ) ) |
| Defendants. | ) |

[PROPOSED] SCHEDULING ORDER

This 23rd day of September 2009, the Court ~~having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, ___,~~ and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration; *and the parties having agreed to the proposed schedule below,*

IT IS **ORDERED** that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before August 1, 2009. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery, and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before November 15, 2009.

3. <u>Discovery</u>

   a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of ninety (90) hours of taking testimony by deposition upon oral examination, with each deposition limited to one (1) day of not more than seven and one-half (7 1/2) hours, unless the parties otherwise agree.

   b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before April 30, 2010. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d. <u>Claim Construction</u>.\* JP Morgan Chase Bank, N.A., shall file its opening claim construction brief not less than sixty (60) days before the ~~date set by the Court~~ submission of the joint claim construction statement ~~for the claim construction hearing~~. LML Payment Systems and Beanstream Internet Commerce shall file their responsive claim construction briefs not less than thirty (30) days before the date set by the Court for the claim construction hearing. JPMorgan Chase Bank may file a reply claim construction brief not more than seven (7) days after the filing of the responsive claim construction briefs. Only with leave of the Court, LML Payment Systems or Beanstream

\* No later than 30 days after the close of discovery, the parties shall file a joint claim construction statement to include the construction of those terms to which the parties agree and each party's proposed construction of each disputed term.

Internet Commerce, or both, may file a sur-reply claim construction brief, in no event more than ten (10) days after the filing of a reply claim construction brief by JPMorgan Chase Bank. *Upon receipt of the briefs the Court will set a hearing date.*

e. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before thirty (30) days after the date of the Court's decision construing the claims of the patents-in-suit. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before twenty-one (21) days after the initial Federal Rule 26(6)(2) disclosure of expert testimony on that matter. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (856) 757-5020 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to

exceed three (3) pages, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

4.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designed "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.  ADR Process. To be discussed during the Rule 16 scheduling conference.

7.  Status Conference. On *April 26, 2010* at *10:00 a.m.* the Court will hold a Rule 16(a), (b) and (c) conference by telephone call. *Plaintiff shall initiate the call.* At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be

prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this Order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

8. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before thirty (30) days. ~~The deadline for filing~~ *after the date for the filing of* supplemental rebuttal expert disclosures pursuant to paragraph 3.c of this Order. Briefing will be presented pursuant to the Court's Local Rules.

9. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. <u>Pretrial Conference</u>. On *September 30, 2010*, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at *10:00*. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before *September 23, 2010*.

11. <u>Motions in Limine</u>. Motions <u>in limine</u> shall ~~not~~ be separately filed. *Additionally,* All <u>in limine</u> requests ~~and responses thereto~~ shall be set forth in the proposed pretrial order. Each party shall be limited to five <u>in limine</u> requests, unless otherwise permitted by the Court. The <u>in limine</u> request and any response shall contain the authorities relied upon; ~~each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of~~

~~three (3) pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission,~~ *[initials]* ~~unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.~~

      12.     <u>Jury Instruction, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in Word Perfect format) which contains the instruction, proposed voir dire, special verdict forms, and jury interrogatories.

*[signature]*
~~RENEE MARIE~~ BUMB
United States District Judge

925387